BRENNAN *v.* MOLLY GIBSON CONSOLIDATED MINING & MILLING Co.

(*Circuit Court, D. Colorado.* January 22, 1891.)

1. ACTION FOR WRONGFUL DEATH—HEIRS—PLEADING.
    In an action by a mother for the death of her sons caused by defendant's negligence, under the Colorado statute allowing such an action to the heirs of a deceased person, it is sufficient to allege that plaintiff is the sole heir of the decedents, without further averring that they were unmarried and childless.
2. SAME—DEPENDENCE OF PLAINTIFF.
    It is not essential to the right to maintain such action that plaintiff should have been dependent on decedents for her support.

At Law. On demurrer to complaint.
*C. W. Franklin,* for plaintiff.
*W. W. Cooley,* for defendant.

HALLETT, J., (*orally.*) *Catherine Brennan* against *The Molly Gibson Consolidated Mining & Milling Company* is a suit brought in the district court of Pitkin county, and thence removed into this court. The action is to recover damages for the death of Martin W. Brennan and Hugh Brennan while in the service of the defendant. It is averred that defendant was engaged in carrying on a mine, and employed Martin and Hugh Brennan as miners to work upon the property, and set them to work in a place which was dangerous on account of the nature of the ground. The ground was "filled with large boulders, and surrounded by loose *debris* which made it unsafe and dangerous to work, which the defendant well knew from other developments previously made upon said property, and which said Martin and Hugh Brennan had no knowledge of whatever." That defendant set them to work there without giving them notice of the danger to which they were exposed. That the danger was increased by defendant going upon the surface of the ground and drilling and blasting there in a manner to loosen the rock and dirt above the place where Martin and Hugh Brennan were at work. That the place was not sufficiently timbered; and that the earth came down upon them and killed them. The action is founded upon the statute of this state which provides that, in case of the death of

any person from the negligence of another, the heirs of the deceased surviving may have an action for such death. There is a demurrer to the complaint, in which the first ground is that plaintiff, as mother of the men who were killed, does not show herself to be the person designated in the statute as authorized to sue; and this appears to be on the ground that it is not averred that Martin and Hugh Brennan were not married, and that they had no children. The plaintiff does aver that she is the sole heir, the only person authorized to bring suit; and this is regarded as a sufficient statement of the fact. It is also objected that it does not appear in the complaint that the men who were killed "contributed directly or indirectly to the support of the plaintiff, or that plaintiff was interested in any manner in deceased, or that deceased suffered in any manner [that must be a mistake in the use of words] from the negligent acts of defendant." In some states it has been held that it must appear that plaintiff was dependent upon the person killed in some manner for support, but that rule has never been adopted here, and it is held to be entirely inapplicable to the action under this statute. Counsel presented no briefs or arguments upon this demurrer. Defendant's counsel asked for time in which to present a brief, but the questions are so clear, and have been so often determined in this court, that it seems unnecessary to have briefs upon them or to hear any argument. The demurrer will be overruled, and the defendant will be allowed 20 days in which to answer.